# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY B. WASHINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV 18-097-RAW-SPS |
| | ) |
| SGT. MILLER, et al., | ) |
| | ) |
| Defendants, | ) |

## OPINION AND ORDER

Plaintiff has filed a motion for reconsideration of the Court's denial of his motion for leave to proceed *in forma pauperis* (Dkts. 9, 10). Pursuant to 28 U.S.C. § 1915(g), the Court found Plaintiff had accumulated at least three "strikes," he had not alleged he was in imminent danger of serious physical injury at the time he filed the complaint, and there was no evidence he was entitled to the exception in § 1915(g) (Dkt. 9 at 2).

In his motion for reconsideration, Plaintiff claims the following instances constitute imminent danger of serious physical harm under section 1915(g):

1). As alleged in Plaintiff Washington's complaint he has been assaulted repeatedly by gang members because of he's a non-gang member;

2). Defendant(s) and agents of the defendants collude and participated in lax rouge [sic], and unlawful non-security proctices [sic] that endanger Plaintiff Washington;

3). 28 U.S.C. § 1915(g) does not bar a prisoner from proceeding in IN FORMA PAUPERIS if [SO] [sic] he is in imminent danger of serious physical harm;

4). Given the allegations at Paragraphs 7, 8, and 18-22 [of Case NO.1] Plaintiff Washington meets the criterion to be excused of his (3) Three Strikes bar in this instant entitled action. A Court agreed with

> this argument in *Cain v. Jackson*, 2007 WL 2787979, *2 (S.D. Tex. Sept. 24, 2007).

(Dkt. 10 at 2-3).

> There is only one exception to the prepayment requirement in § 1915(g), *Kinnell v. Graves*, 265 F.3d 1125, 1127-28, and it applies to a prisoner who "is under imminent danger of serious physical injury[,]" § 1915(g). To meet that exception, appellant was required to make "specific, credible allegations of imminent danger of serious physical harm[.]" *Kinnell*, 265 F.3d at 1127-28 (quotations omitted). . . . [T]he statute's use of the present tense shows that a prisoner must have alleged an imminent danger at the time he filed his complaint. . . .

*Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (other citations omitted).

A plaintiff "should identify at least 'the general nature of the "serious physical injury" he asserts is imminent.'" *Hafed*, 635 F.3d at 1180 (quoting *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998)). "'[V]ague and utterly conclusory assertions' are insufficient." *Id.* (quoting *White*, 157 F.3d at 1231). "[C]redible, uncontroverted allegations of physical threats and attacks" would be sufficient, however. *Id.* (quoting *White*, 157 F.3d at 1232).

Here, Plaintiff makes a general claim that gang members have assaulted him in the past, because he is not affiliated with a gang. He further asserts the defendants have not enforced security measures. Plaintiff, however, has presented no specificity in his claims with respect to the individuals involved, when these incidents occurred, and how he is in imminent danger of serious physical injury. Regarding Plaintiff's citation to *Cain*, the prisoner in that case presented specifics of his alleged imminent danger, including dates,

names, and incidents to support his *ifp* motion. *See id.*, at *1. After careful review, the Court finds Plaintiff's allegations are vague, conclusory, speculative, and insufficient to meet the standard of 28 U.S.C. § 1915(g). Furthermore, because Plaintiff has notified the Court that he has been transferred to another facility (Dkt. 12), he will not be subject to the circumstances present at his previous place of incarceration.

**ACCORDINGLY,** Plaintiff's motion for reconsideration (Dkt. 10) is DENIED. Plaintiff is directed to forward the **$350.00** filing fee and the **$50.00** administrative fee, pursuant to 28 U.S.C. § 1914 and the District Court Fee Schedule, to the Court Clerk within fourteen (14) days. The agency having custody of Plaintiff is ordered to release funds from his accounts, including Plaintiff's trust account, for payment of the filing fee. The Court Clerk is directed to mail a copy of this Order to the trust fund officer at Plaintiff's facility.

**IT IS SO ORDERED** this 3rd day of December 2018.

Ronald A. White
United States District Judge
Eastern District of Oklahoma